**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JESSICA LYNN PRUITT,** | : | |
| **Petitioner** | : | |
| | : | **No. 1:23-cv-01716** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **MONROE COUNTY COURT OF** | : | |
| **COMMON PLEAS, et al.,** | : | |
| **Respondents** | : | |

## <u>MEMORANDUM</u>

<u>Pro se</u> Petitioner Jessica Lynn Pruitt ("Petitioner"), a state prisoner in the custody of the Pennsylvania Department of Corrections, has filed the instant petition for a writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241 ("Section 2241"), which the Court construes as a petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2254 ("Section 2254").[1] (Doc. No. 1.)  For the reasons set forth below, the Court finds that the issues presented in the petition are unexhausted.  As a result, the Court will dismiss the petition without prejudice.

---

[1] Petitioner, a state prisoner, is challenging the validity of her state court judgment of conviction and sentence.  Thus, her challenge is properly brought under Section 2254.  <u>See, e.g.,</u> (Doc. No. 1 at 1 (containing instructions for a form petition for a writ of habeas corpus filed pursuant to Section 2241, which sets forth this same principle and explains that Section 2241 is utilized when an individual is in state custody "because of something other than a judgment of conviction . . . " )).

## I.     BACKGROUND

On September 25, 2023,[2] while Petitioner was incarcerated at State Correctional Institution Muncy, in Muncy Pennsylvania, she filed the instant petition for a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania ("Eastern District"). (Doc. No. 1 at 2, 9, 29.)  On October 13, 2023, the Eastern District issued an Order transferring Petitioner's case to this District. (Doc. No. 3 (explaining that Petitioner is "challenging a conviction and sentence from the Monroe County Court of Common Pleas, which is located in the Middle District of Pennsylvania," and that, therefore, "pursuant to 28 U.S.C. § 2241(d) and consistent with agreed practice, it w[ould] further the interests of justice for th[e] case to be brought in the district where the petitioner was convicted and sentenced").)

After receiving the Eastern District's transfer order, and following some initial administrative matters (Doc. Nos. 6, 8, 10), the Court received Petitioner's motion for leave to proceed in forma pauperis, as well as her prisoner trust fund account statement. (Doc. Nos. 7, 11.)  The Court, having reviewed her motion and trust fund

---

[2]   The petition is dated September 25, 2023. (Doc. No. 1 at 9.)  Although the Eastern District did not receive the petition until October 4, 2023, the petition is deemed filed on September 25, 2023, pursuant to the prisoner mailbox rule. See, e.g., Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011) (explaining that "[t]he federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing" (citation omitted)).

account statement, will grant Petitioner leave to proceed in forma pauperis and will deem her petition filed.

In her petition, Petitioner names the Monroe County Court of Common Pleas as the Respondent.[3]   (Doc. No. 1 at 2.)  In addition, she asserts various challenges in connection with her underlying criminal proceedings in Monroe County, which led to her judgment of conviction and sentence.  (Id. at 10–26.)  As for relief, she seeks, inter alia, her immediate release from state custody.  (Id. at 8.)

In support, she cites to the docket number of her criminal case, i.e., CP-45-CR-0000021-2022.  (Id.)  The Court takes judicial notice of the docket sheet in her criminal case, which is available through the Unified Judicial System of Pennsylvania Web Portal at https://ujsportal.pacourts.us/Case-Search.  See Commonwealth v. Pruitt, CP-45-CR-0000021-2022 (Monroe Cnty. Ct. Com. Pl., filed Jan. 7, 2022).

That docket sheet reflects, and the instant petition alleges, that following a jury trial on March 8, 2023, Petitioner was convicted of the following crimes: (1)

---

[3]  In a habeas challenge, however, "the proper respondent is the warden of the facility where the [individual] is being held."  See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004); Anariba v. Dir. Hudson Cty. Corr. Ctr., 17 F.4th 434, 444 (3d Cir. 2021) (stating that "[t]he logic of this rule rests in an understanding that the warden . . . has day-to-day control over the prisoner and . . . can produce the actual body" (citation and internal quotation marks omitted)).  Accordingly, the Court notes that the proper Respondent in the above-captioned matter is the Warden of State Correctional Institution Cambridge Springs, the correctional institution at which Petitioner is currently incarcerated.

theft by deception–false impression; (2) theft by unlawful taking–movable property; (3) receiving stolen property; (4) access device used to or attempted to be used to obtain property; (5) forgery–unauthorized act in writing; and (6) unauthorized use of motor/other vehicles.  See id.; (Doc. No. 1 at 13).  Petitioner also alleges that, as a result of her conviction, she was sentenced to five (5) to ten (10) years of imprisonment.  (Id. at 27.)

The docket sheet further reflets that, on May 24, 2023, after Petitioner's judgment of sentence was imposed, she filed a notice of appeal in the Superior Court of Pennsylvania ("Superior Court").  See Commonwealth v. Pruitt, CP-45-CR-0000021-2022 (Monroe Cnty. Ct. Com. Pl., filed Jan. 7, 2022).  Petitioner's direct appeal remains pending before the Superior Court.  See id.; see also Commonwealth v. Pruitt, 1336 EDA 2023 (Super. Ct. May 24, 2023).  Additionally, there is no indication in the docket sheet that Petitioner has pursued relief through state post-conviction relief act proceedings.  See Commonwealth v. Pruitt, CP-45-CR-0000021-2022 (Monroe Cnty. Ct. Com. Pl., filed Jan. 7, 2022).  As a result, Petitioner does not appear to have exhausted her state court remedies through her direct appeal or through state post-conviction relief act proceedings.

## II.    LEGAL STANDARD

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254.  Rule 4 provides in pertinent part as follows: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  See Rule 4, 28 U.S.C. § 2254.

## III.    DISCUSSION

As set forth above, the Court treats Petitioner's instant petition for a writ of habeas corpus as being filed pursuant to the provisions of Section 2254.  (Doc. No. 1.)  This federal habeas statute requires that Petitioner "'[was] in custody under the conviction or sentence under attack at the time [her] petition [was] filed.'"  See Lee v. Stickman, 357 F.3d 338, 342 n.3 (3d Cir. 2004) (quoting Maleng v. Cook, 490 U.S. 488, 490–91 (1989)); see also 28 U.S.C. § 2254(a) (extending jurisdiction to a petition for a writ of habeas corpus filed by "a person **in custody** pursuant to the judgment of a State court . . . " (emphasis added)).  And, here, Petitioner was incarcerated at SCI Muncy at the time she filed her instant petition in the Eastern District.  (Doc. No. 1 at 2, 29.)  Thus, she has satisfied the "in custody" requirement for purposes of this federal habeas statute.

In addition, this federal habeas statute provides that a petition for a writ of habeas corpus that is filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the [petitioner] has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the [petitioner]." See 28 U.S.C. § 2254(b)(1). Thus, a person in custody pursuant to the judgment of a state court who is petitioning for a writ of habeas corpus in federal court must **first** exhaust the remedies available in the state courts, unless the state corrective process is unavailable or circumstances exist that render such corrective process ineffective. See Rose v. Lundy, 455 U.S. 509, 515–16 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (explaining that, "prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state] courts").

"In order for a claim to be exhausted, it must be 'fairly presented' to the state courts 'by invoking one complete round of the State's established appellate review process.'" Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 844–45 (1999)). And, in order for a claim to be "fairly presented," a petitioner must present its "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being

asserted." See McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999) (citations omitted); see also Nara v. Frank, 488 F.3d 187, 197–98 (3d Cir.2007) (recognizing that a claim is "fairly presented" when a petitioner presents "the same factual and legal basis for the claim to the state courts" (citation omitted)). A habeas petitioner bears the burden of demonstrating that he has "fairly presented" his claims to the state courts. See Lambert, 134 F.3d at 513.

Generally, federal courts will dismiss, without prejudice, habeas corpus petitions consisting entirely of unexhausted claims in order to give petitioners an opportunity to present the unexhausted claims to the state courts. See, e.g., Lines v. Larkins, 208 F.3d 153, 159–60 (3d Cir. 2000); see also Caswell v. Ryan, 953 F.2d 853, 856 (3d Cir. 1992) (explaining that "[t]he exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights"); Lambert, 134 F.3d at 513 (stating that "[t]he exhaustion requirement does not foreclose federal relief, but merely postpones it" (citation omitted)).

Here, the information contained in Petitioner's state court docket sheet confirms that she has not yet exhausted her state court remedies. Indeed, Petitioner's direct appeal remains pending before the Superior Court. Additionally, Petitioner may seek a state remedy other than a direct appeal in the form of a collateral attack

on her conviction and sentence pursuant to the Pennsylvania Post Conviction Relief Act. See 42 Pa. Cons. Stat. Ann. §§ 9543–9545. Thus, because Petitioner has an opportunity to obtain meaningful redress at the state level, and because she has not demonstrated that the state corrective process is unavailable or ineffective, the Court concludes that her Section 2254 petition must be dismissed. This dismissal is without prejudice to Petitioner's right to pursue federal habeas corpus relief upon proper exhaustion of available State court remedies.

## IV.   CONCLUSION

For the reasons set forth above, the Court will dismiss the instant petition pursuant to Rule 4 Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254. In addition, the Court will not issue a certificate of appealability because jurists of reason would not debate this procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (stating that when a habeas corpus petition is denied on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"). An appropriate Order follows.

Dated: December 6, 2023                    s/ Sylvia H. Rambo
                                           SYLVIA H. RAMBO
                                           United States District Judge